IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TEAMSTERS-OHIO CONTRACTORS
ASSOCIATION HEALTH & WELFARE FUND,

        Plaintiff,    Case No. 3:10 CV 703

 -vs-

TAURO BROTHERS TRUCKING CO.,   MEMORANDUM OPINION
                AND ORDER
        Defendant.

KATZ, J.

  This matter is before the Court on the motion (Doc. 26) of defendant Raymond DePasquale to dismiss the Complaint pursuant to Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure. The motion is denied.

  Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive dismissal, a complaint must contain enough factual material to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Nor is it enough for the complaint to state facts that are "merely consistent with a defendant's liability." *Iqbal*, 129 S.Ct. at 1949. Rather, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

DePasquale contends that the claims for fraudulent reporting (Count III of the Complaint) and breach of fiduciary duty (Count IV) fail to comply with the heightened pleading standard for fraud claims, as well as the general *Iqbal-Twombly* pleading standard. After careful review of the Complaint, however, the Court finds that both counts against DePasquale are pled with sufficient particularity to pass muster under the Federal Rules. A review of the Complaint makes perfectly clear what statements of DePasquale's are alleged to be false, DePasquale's role in making the statements, and the time and place in which the statements were made.

The motion to dismiss (Doc. 26) is therefore denied.

IT IS SO ORDERED.

                 s/ *David A. Katz*
                 DAVID A. KATZ
                 U. S. DISTRICT JUDGE